UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:15CV53

| | | |
|---|---|---|
| **MARY MOODY BIRCHFIELD,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **CAROLYN W. COLVIN, Acting Commissioner of Social Security,** | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court upon Plaintiff's Motion for Summary Judgment (Doc. No. 10) and the Commissioner's Motion for Summary Judgment (Doc. No.11). Having carefully considered such motions and reviewed the pleadings, the court enters the following findings, conclusions, and Order.

**FINDINGS AND CONCLUSIONS**

**I.    Administrative History**

Plaintiff filed an application for a period of disability and Disability Insurance Benefits in June of 2012, alleging a disability onset date of December 14, 2011. Plaintiff's claim was denied both initially and on reconsideration; thereafter, Plaintiff requested and was granted a hearing before an administrative law judge ("ALJ"). After conducting a hearing, the ALJ issued a decision which

was unfavorable to Plaintiff, from which Plaintiff appealed to the Appeals Council. On January 12, 2015, the Appeals Council issued a final decision on Plaintiff's applications, which is the final decision of the Commissioner. Thereafter, Plaintiff timely filed this action.

## II. Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, *Smith v. Schwieker*, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, *supra*. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. *Hays v. Sullivan*, *supra*.

## III. Substantial Evidence

### A. Sequential Evaluation

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The

Commissioner evaluates a disability claim under Title II pursuant to the following five-step analysis:

(1) Whether the claimant is engaged in substantial gainful activity;

(2) Whether the claimant has a severe medically determinable impairment, or a combination of impairments that is severe;

(3) Whether the claimant's impairment or combination of impairments meets or medically equals one of the Listings in 20 C.F.R. Part 404, Subpart P, Appendix 1;

(4) Whether the claimant has the residual functional capacity ("RFC") to perform the requirements of his past relevant work; and

(5) Whether the claimant is able to do any other work, considering her RFC, age, education, and work experience.

20 C.F.R. §§ 404.1520(a)(4)(i-v). In this case, the Commissioner determined Plaintiff's claim at the fifth step of the sequential evaluation process.

### B. The Administrative Decision

In his decision, the ALJ first concluded that Plaintiff had not engaged in substantial gainful activity since her alleged onset date (Tr. 11). At the second step, the ALJ concluded that Ms. Birchfield had the following severe impairments: degenerative disc disease status post fusion and diabetes mellitus. *Id*. At the third

3

step, the ALJ found that the Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. *Id*.

The ALJ then found that Plaintiff retained the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b), except for the following: she cannot climb ladders, ropes or scaffolds; only occasional climbing of ramps and stairs; no concentrated exposure to hazards; no concentrated exposure to temperature extremes; and she is able to understand, remember and carry out simple instructions. *Id*. In making this finding, the ALJ considered all symptoms and the extent to which these symptoms could reasonably be accepted as consistent with the objective medical evidence and other evidence, as required by 20 C.F.R. § 404.1529 and SSRs 96-4p and 96-7p. *Id*. While the ALJ found that the Plaintiff's impairments could reasonably be expected to cause the alleged symptoms, he determined that Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely credible (Tr. 12).

At the fourth step, the ALJ found the claimant was unable to perform any past relevant work (Tr. 17). However, at the fifth step, the ALJ concluded that there were jobs that exist in significant numbers in the national economy that

Plaintiff can perform, including information clerk, house sitter, and office mail clerk. (Tr. 18). Accordingly, the ALJ found that the Plaintiff was not disabled under the Act. *Id.*

### C. Discussion

Plaintiff has made the following assignments of error: 1) whether the ALJ erred in the formulation of the RFC; and 2) whether the ALJ discredited the opinions of all the Plaintiff's treating providers without good reason.

Plaintiff contends that the ALJ erred by determining residual functional capacity before assessing credibility, in violation of the ruling in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). Plaintiff further argues that the ALJ selectively considered testimony regarding her ability to work and did not explain why her statements about her limitations and activities were not credible.

While the *Mascio* court found that boilerplate language similar to that in the ALJ's decision herein "got things backwards" by implying the claimant's RFC was determined first and then used to assess credibility, the court went on to state that such an error would be harmless if the ALJ properly evaluated credibility elsewhere in the decision. *See Mascio*, 780 F.3d at 644-45. Notably, *Mascio* did not require that the ALJ specifically analyze each of Plaintiff's statements in order to identify which were found credible, but required that where an ALJ uses

boilerplate that "gets things backwards," the decision must indicate the reason for the weight attributed to Plaintiff's statements. In other words, the decision should "give specific reasons for the weight given to the individual's statements." Social Security Ruling (SSR) 96-7p, 1996 WL 374186, *4 (S.S.A.).

The ALJ's decision does go on to explain why he considered the Plaintiff's statements not entirely credible. For example, the ALJ noted that despite Plaintiff's allegations that she was limited in her ability to perform household tasks such as sweeping or preparing meals (Tr. 15), the evidence showed that Plaintiff was actually able to perform a greater range of activities including gardening (Tr. 15-16, 204). Plaintiff could drive, care for her personal needs, and shop (Tr. 16, 144-46). She visited her parents and attended church regularly (Tr. 16, 147). Thus, despite Plaintiff's allegation that the ALJ selectively considered her activities and allegations, the ALJ's decision considered her subjective complaints and highlighted evidence contradicting her allegations of severely restricted household activities. See 20 C.F.R. §§ 404.1529(c)(3)(i) (considering activities of daily living when assessing credibility) and 404.1529(c)(3)(ii)-(iii) (location, duration, frequency of symptoms as well as aggravating factors should be considered when evaluating subjective complaints).

Moreover, the ALJ explained that the medical record detracted from the credibility of the Plaintiff. (Tr. 16-17). He noted that the claimant has not received the type of medical treatment one would expect for a totally disabled individual, and the record reflects relatively infrequent trips to the doctor for the allegedly disabling symptoms. (Tr. 16). The ALJ noted that Plaintiff's x-rays were "fairly good" and documented only mild degenerative changes, her medical treatment was routine and conservative in nature, and her surgery had been successful (Tr. 15-16, 209, 217-19). *See* 20 C.F.R. §§ 404.1529(c)(2) (objective medical evidence is a useful indicator to assist in making reasonable conclusions about the intensity and persistence of symptoms and the effect of those symptoms, such as pain) and 404.1529(c)(3)(v) (treatment is a factor to be considered when assessing subjective complaints). Her medication was effective in helping her pain (Tr. 16, 209). *See* 20 C.F.R. § 404.1529(c)(3)(iv). Though she alleged her medication affected her ability to concentrate, the record did not support these assertions (Tr. 16). In fact, the record shows Plaintiff was consistently alert and oriented with normal memory, mood, affect, judgment, and insight (Tr. 176, 189, 204, 210, 223, 227, 228, 230). Nevertheless, the ALJ stated that he was giving Plaintiff the benefit of the doubt regarding her allegations of difficulty

concentrating, and limited her to simple, routine, repetitive instructions (Tr. 11, 16).

Notwithstanding the boilerplate language used in his decision, the ALJ performed a proper credibility analysis, evaluating numerous factors as required by the regulations to explain why Plaintiff's statements were not credible. The ALJ's credibility finding herein is supported by substantial evidence.

Plaintiff next argues that the ALJ discredited and failed to adopt the opinions of the Plaintiff's treating providers, Dr. Tony Jones, Dr. William Gough, and Corinne Yelton, NP, without good reason. A "medical opinion" is defined by 20 C.F.R. § 404.1527(a)(2) as "statements from physicians . . . that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical and mental restrictions." A medical source's recitation of a claimant's subjective complaints is not a medical opinion, and as such, is not entitled to any special deference. *See* 20 C.F.R. § 404.1527(a)(2) (medical opinions are a practitioner's judgments about the nature and severity of the claimant's impairment); *see also Love-Moore v. Colvin*, No. 7:12-104, 2013 WL 5366967, *11 (E.D.N.C. Aug. 30, 2013), report and recommendation adopted, 2013 WL 5350870 (E.D.N.C. Sept. 24, 2013) ("a doctor's recording of a patient-claimant's

subjective complaint is not a 'medical opinion' entitled to any special deference"(quotation marks and citation omitted)); *Moxley v. Colvin*, No. 1:13CV460, 2014 WL 2167878, at *5 (M.D.N.C. May 23, 2014) (finding treatment notes describing the circumstances of plaintiff's injury, observations, noting the results of physical examination, and noting treatment options not medical opinions requiring ALJ consideration).

Plaintiff fails to establish that the medical records of the treating providers are medical opinions entitled to controlling weight. None of the physicians identified by Plaintiff offered judgments on her ability to perform specific work-related functions or opined as to work-related limitations resulting from her impairments. Rather, they simply offered diagnoses and recitations of her subjective complaints, which were properly evaluated by the ALJ throughout his decision (Tr.11-17).

Plaintiff points to various statements from her doctors acknowledging complaints of back pain and diagnosing degenerative disc disease and arthritis in her spine. However, the ALJ's decision acknowledged Plaintiff's history of these conditions, discussed her pattern of treatment for her symptoms, and found her degenerative disc disease a severe impairment (Tr. 11-17). Thus, any argument that the ALJ failed to consider this evidence is incorrect.

Plaintiff also argues that the ALJ's RFC assessment is inadequate because it lacks a function-by-function analysis of whether she can perform work functions for an entire workday. Plaintiff complains that "at no point is persistence and pace discussed in hourly increments to sustain fulltime employment and work."

Plaintiff has not alleged a mental impairment, has presented no evidence of limitations in her ability to concentrate or maintain persistence or pace aside from her subjective allegations, and has pointed to no such finding on the ALJ's part. As the ALJ noted, though Plaintiff alleged that her medication interfered with her ability to concentrate, the evidence did not support that assertion (Tr. 16). Nevertheless, the ALJ gave Plaintiff the benefit of the doubt by limiting her to unskilled work. Plaintiff points to no medical evidence supporting additional limitations or any specific restrictions related to "persistence and pace."

Plaintiff is also incorrect in alleging that the ALJ failed to evaluate her ability to perform work functions for a full workday. The ALJ found that Plaintiff could perform light work as defined in the Commissioner's regulations at 20 C.F.R. § 404.1567(b), with additional, specifically enumerated restrictions. (Tr. 11). SSR 96-8p, 1996 WL 374184 (S.S.A.), states that RFC is an assessment of the individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis—which is defined as 8 hours a

day for 5 days a week or an equivalent work schedule. Thus, the ALJ's RFC inherently establishes that Plaintiff can perform the functions of light work for the full workday. Moreover, Plaintiff points to no specific evidence in support of her argument that she cannot work a full workday or workweek.

Given this analysis, the ALJ's decision is consistent with *Mascio*. The Fourth Circuit in *Mascio* remanded, in part, because it found that the ALJ failed to perform a function-by-function analysis of the claimant's mental impairments. 780 F.3d at 635-36. The court emphasized that the ALJ's RFC analysis was deficient "on the facts of this case." *Id*. at 636. In declining to adopt a *per se* rule, the court stated that remand "may be appropriate" where the ALJ does not address conflicting evidence as to the claimant's RFC. *Id*. (emphasizing that the ALJ said nothing about one medical source statement and the ALJ's weighing of a conflicting medical source statement was truncated). Specifically, the court held that "a *per se* rule is inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" *Id*. *See also Scruggs v. Colvin*, No. 3:14-cv-00466-MOC, 2015 WL 2250890, *4 (W.D.N.C. May 13, 2015) (The failure to perform a function-by-function analysis alone is not enough to require remand; instead, the court must determine whether the RFC considered relevant functions, whether the decision provides a sufficient

basis to review the ALJ's conclusions, and whether the decision is supported by substantial evidence in the record.)

Here, there was no unaddressed or conflicting medical evidence about Plaintiff's physical functioning, and the ALJ assessed Plaintiff's RFC according to the directives of the regulations and SSR 96-8p. The ALJ properly evaluated Plaintiff's subjective statements that her activities and functions were limited, and found them not credible (Tr. 15-16).

Plaintiff also argues that the ALJ failed to include a sit/stand option in the RFC assessment, which she claims is supported by her testimony and the medical evidence of record. While the ALJ noted Plaintiff's testimony that she could only sit and stand for short periods and was limited in her activities, the ALJ pointed to evidence indicating Plaintiff was capable of performing a greater range of activities and found these subjective allegations not credible (Tr. 15-16). Further, the ALJ noted that the consultative examiner, Dr. Wells, observed a normal range of motion, full strength, and no gait abnormality (Tr. 15, 210-11). Plaintiff points to no specific medical evidence undermining the ALJ's finding.

## IV. Conclusion

The undersigned has carefully reviewed the decision of the ALJ and Appeals Council, the transcript of proceedings, Plaintiff's motion and briefs, the

Commissioner's responsive pleadings, and Plaintiff's assignments of error. Review of the entire record reveals that the decision of the ALJ is supported by substantial evidence. Accordingly, Plaintiff's Motion for Summary Judgment will be denied, the Commissioner's Motion for Summary Judgment will be granted, and the decision of the Commissioner will be affirmed.

## ORDER

**IT IS, THEREFORE, ORDERED** that

(1) the decision of the Commissioner, denying the relief sought by Plaintiff, is **AFFIRMED**;

(2) the Plaintiff's Motion for Summary Judgment (Doc. No. 10) is **DENIED**; and

(3) the Commissioner's Motion for Summary Judgment (Doc. 11) is **GRANTED.**

Signed: June 30, 2016

Graham C. Mullen
United States District Judge